## L. A. PULLEY V. STATE.

No. 24273. February 23, 1949.

*Milton K. Norton, Harvey Lindsay,* and *Neal DeShazo,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, *William B. Henley, Jr.,* Assistant District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully possessing a narcotic drug; the punishment, two years in the penitentiary.

Appellant was a duly licensed and registered pharmacist, employed as such in a drug store owned by Reese and authorized to lawfully dispense narcotic drugs. Such drugs were kept under lock in a cabinet to which only Reese and appellant had access. Reese began missing narcotics therefrom. He reported this fact to the officers. Upon the night in question, a federal narcotics agent was secreted in the store in a position where he could see the case in which the narcotics were kept. Two narcotics agents were stationed outside the store in an automobile, where they could view the front of the store. After the store had been closed, appellant, accompanied by his wife, returned to the store, unlocked the front door, and entered. He was seen by the officer in the store to take something from the narcotics cabinet and place it in his pocket. He and his wife then left the store and, as he did so, he was arrested by the officers waiting outside the store. There was found upon his person a small box containing five 1/16-grain tablets of dilaudid hydrochloride, a derivative of opium.

Appellant did not testify. His wife testified that he was a sufferer from asthma and that they went to the drug store on

the night in question to get some medicine for the relief of that condition.

It is contended that the facts are insufficient to support the conviction.

By Art. 725b, Sec. (2) of Vernon's Annotated Penal Code, it is made unlawful to possess a narcotic drug. Opium or any derivative thereof is a narcotic drug. Art. 725b, Secs. (12) and (14), Vernon's P. C.

While a pharmacist (apothecary) may lawfully possess narcotics, such possession is limited to the regular course of his business, which is to dispense narcotics upon proper prescription of a duly licensed physician. The possession of the narcotic here shown is not within the exception.

The conclusion is reached that the facts established appellant's guilt as charged.

Bills of exception appearing have been examined and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the Court.